MICHAEL L. RENBERG, #136217
PARICHAN, RENBERG & CROSSMAN
LAW CORPORATION
1540 East Shaw Avenue, Suite 123
Fresno, California 93710
Telephone (559) 431-6300
Telefax (559) 432-1018
E-mail: mrenberg@prcelaw.com

Attorney for Defendant
NIBCO, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| CENTURY BUILDERS, LLC, a California limited liability company and CENTURY DEVELOPERS, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>FAR WEST PLUMBING, a business entity, form unknown, THE WARREN GROUP, INC., a Delaware corporation, CONSOLIDATED PLUMBING INDUSTRIES, a business entity, form unknown, NIBCO, INC., a foreign corporation licensed to do business in the State of California, and Does 1 through 25, inclusive<br>　　　　　　Defendants | Case No.: 1:13-CV-01294-AWI-SAB<br><br>STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS |

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned, as counsel for the parties to the above-entitled action as follows:

WHEREAS, Plaintiffs CENTURY BUILDERS, LLC, a California limited liability company and CENTURY DEVELOPERS, LLC, a California limited liability company, collectively "Plaintiffs", have requested Defendant NIBCO, INC ("NIBCO"), to produce documents that concern the asset purchase transaction between NIBCO and The Warren Group.

WHEREAS, responsive documents of Defendant NIBCO include financial documents that are subject to privacy rights;

WHEREAS, the parties enter into the following stipulation for handling records of the Asset Purchase transaction that are being produced pursuant to this litigation.

1. Defendant NIBCO will produce to Plaintiffs a CD of the Assert Purchase Agreement. The CD will be labeled "Confidential Documents" and all documents on the CD will be subject to this confidentiality agreement and shall be used only for purposes of this case and only as provided herein.

2. Except as provided herein, the contents of Defendant NIBCO's Confidential Documents shall not, without leave of the Court, be communicated in any way to anyone other than this Court (under seal if possible), the parties in this action and their counsel in this action provided such parties and/or their counsel have executed this Agreement. Each party in this action and its counsel shall be advised of and bound by the terms of this Agreement.

3. Communication of the contents of Defendant NIBCO's Confidential Documents to (a) persons who are assisting counsel in the preparation and trial of this action, (b) persons who may be called upon by counsel to testify in this action with respect to Defendant NIBCO's Confidential Documents or information contained therein, or (c) re-insurers and auditors, shall be permitted provided that, before obtaining access to such documents or information, each such person shall be shown a copy of this Agreement and agree in writing to be bound by the terms thereof.

4. Attendance at depositions taken in this action at which Defendant NIBCO's Confidential Documents or any information contained therein is identified, discussed or disclosed shall be limited to the deposition notary, the witness, counsel for the witness, counsel for the parties and any representatives of parties who have agreed in writing to be bound by the terms of this Agreement. If any Defendant NIBCO's Confidential Documents are to be used

during the deposition in this action of non-NIBCO officers or employers, the deponent shall be requested to acknowledge on the record that he or she is aware of and agrees to be bound by the terms of this Agreement.  This provision shall not apply to the use of documents with employees or former employees of a party who are authors of those documents, if such witnesses refuse to agree to be bound by this Agreement.  Deposition transcripts, or those portions thereof, that contain testimony regarding Defendant NIBCO's Confidential Documents shall be marked and treated as confidential pursuant to this Agreement.

      5.      Nothing contained in this Agreement shall restrict or otherwise limit the use of any Defendant NIBCO's Confidential Documents that were obtained from a source or in a manner not subject to this Agreement.

      6.      It shall not be deemed a violation of this Agreement for counsel to disseminate Defendant NIBCO's Confidential Documents to other counsel in this case as part of their filings with the Court, provided that all other counsel in this case have executed this Confidentiality Agreement.  All filings containing Defendant NIBCO's Confidential Documents shall remain subject to the provisions of this Agreement, and shall retain any confidential status, notwithstanding their filing or dissemination to counsel.

      7.      If any of the parties to this action are litigants in subsequent litigation, and wish to use any of the Defendant NIBCO's Confidential Documents to be produced herein in such subsequent litigation, they may do so on the following condition: first, a proper subpoena must be served upon Defendant NIBCO (and upon all other parties to such subsequent litigation) requesting the production of such documents in that subsequent litigation; and second, all parties to such subsequent litigation must agree in writing to abide by the terms of this  Confidentiality Agreement (or its substantial equivalent in that case), or the court in the other litigation has entered a substantially equivalent protective Agreement binding all parties to that proceeding, or has specifically ruled that disclosure outside of a protective Agreement is proper.

      8.      Except as provided herein, the parties hereto agree to take no action that would have the effect of limiting, waiving or jeopardizing Defendant NIBCO's claim of confidentiality, in this matter or otherwise, without Defendant NIBCO's express prior permission.  To the extent not already addressed herein, this shall include, but not be limited to, responses to any request

from others for access to or copies of Defendant NIBCO's Confidential Documents.

    9.    Upon the final conclusion of this action (including all appeals), and subject to further Agreement of this court or written agreement with Defendant NIBCO, all copies of Defendant NIBCO's Confidential Documents (including exhibits and testimony regarding such documents) shall be returned to Defendant NIBCO or destroyed, or maintained under the terms of this Protective Agreement, at the election of Defendant NIBCO.

    10.    Any party to this suit may request, and Defendant NIBCO may agree, that the provisions of this Agreement be waived as to one or more of the Defendant NIBCO's Confidential Documents.

    11.    This Agreement is without prejudice to the right of Defendant NIBCO or to the right of any party, upon not less than ten (10) days notice to all parties and to Defendant NIBCO, to move this Court for a modification, supplementation or termination of its terms.

    12.    The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim or privilege or protection including, but not limited to, the attorney/client privilege and the protection afforded to work product materials or the subject matter thereof.  Upon receiving notice from Defendant NIBCO that such materials have been inadvertently produced or copied, all such materials (including all copies or summaries thereof) shall be returned to Defendant NIBCO within five (5) business days of receipt of such notice.

    13.    The Parties agree that facsimile and electronic signatures shall have the same force and effect as original signatures.  This Confidentiality Agreement may be executed in separate counterparts, each such counterparts being deemed to be an original instrument, and all such counterparts shall together constitute the same agreement which shall be binging on the Parties hereto.

Dated: November 15, 2013       WILD CARTER & TIPTON

*John W. Phillips*

By
   JOHN W. PHILLIPS
   Attorneys for Plaintiffs

Dated: November 17, 2013       PARICHAN, RENBERG & CROSSMAN
                               LAW CORPORATION

*Michael L. Renberg*

By _____
   MICHAEL L. RENBERG
   Attorneys for Defendant NIBCO, INC.

## **ORDER**

Good cause appearing therefore, in that the parties hereto have so stipulated subject to any amendments made by this court. However, the parties must obtain prior leave of Court if they propose to submit any documents to the Court under seal as referenced in paragraph 2 of this stipulation.

IT IS SO ORDERED.

Dated:   **November 18, 2013**            _____
                                          UNITED STATES MAGISTRATE JUDGE